UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-114 |
| GREGORY HILLS | SECTION I |

# ORDER

The Court has received the "Affidavit Administrative Notice and Demand In The Nature of, Order in Law Petition for Writ of Error in The form of Habeas Corpus. Pursuant to F.R.C.P. Rule 60(b) (Void Judgment) Rule 13, 11, 9, 4, 8 Nunc Pro Tunc" filed by petitioner, Gregory Hills.[1] The government has filed a motion to dismiss the petition.[2]

Hills requests release pursuant to 28 U.S.C. § 2255 because of ineffective assistance of counsel and an invalid guilty plea.[3] He also appears to seek retroactive application of the Fair Sentencing Act's more lenient penalties.[4] Before reaching the merits of these claims, this Court must determine whether Hills has complied with the one-year statute of limitations.

28 U.S.C. § 2255(f) provides the statute of limitations for filing a motion to vacate, set aside, or correct a sentence or conviction:

---

[1] R. Doc. No. 57.
[2] R. Doc. No. 59.
[3] *See id.* at 11 (relief requested "will necessitate Release of Incarceration"); *id.* at 5 ("An advocate has a duty to protect from normal pitfalls in the bargaining process.").
[4] *See id.* at 8-9.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations runs from the latest of the four possible dates listed in § 2255(f). *United States v. Jackson*, 470 Fed. App'x 324 (5th Cir. May 1, 2012).

Where, as here, the petitioner did not file a timely direct appeal, a conviction becomes final for purposes of § 2255(f)(1) upon the expiration of the time period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b). *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[5] This Court entered its judgment on January 17, 2008. Excluding weekends and legal holidays, his conviction became final ten days later on January 31, 2008, when Hills failed to initiate the direct appeal process.[6] The statute of limitations for filing a § 2255 motion expired one year later, on January 31, 2009. Because Hills did not file this motion to vacate until February 4, 2013, the motion is untimely pursuant to § 2255(f)(1). Hills' allegations do not implicate 28 U.S.C. §

---

[5] Hills eventually filed an appeal, which the U.S. Court of Appeals for the Fifth Circuit dismissed as untimely. R. Doc. No. 51.

[6] The Federal Rules of Appellate Procedure were amended in 2009 to provide a fourteen day window to file a notice of appeal.

2255(f)'s other subsections, and he has not argued that these other subsections apply. Accordingly, his petition must be dismissed as time-barred.[7]

Hills previously sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).[8] This Court denied the reduction, stating that Hills is "ineligible for a reduction because he is serving a mandatory minimum sentence of 120 months."[9] This reasoning continues to apply.  Moreover, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), applies only to offenders who were sentenced after the enactment of the Fair Sentencing Act of 2010. Hills was sentenced on January 17, 2008, more than two years prior to the Fair Sentencing Act's effective date.  To the extent his petition seeks § 3582(c)(2) relief, such relief is unwarranted.

**IT IS ORDERED** that the government's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 26, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] The government additionally argues that Hills has waived his collateral challenge right pursuant to his plea agreement. The Court does not reach this argument.
[8] R. Doc. No. 53.
[9] R. Doc. No. 54.